IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEX ALFONSO SALAVERRIA, II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-0011-L-BT |
| | § | |
| CALIFORNIA STATE, et al., | § | |
| | § | |
| Defendants. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* plaintiff Alex Alfonso Salaverria, II—a frequent filer of lawsuits throughout the nation[1]—sues the State of California, California Governor Gavin Newsom, California Attorney General Rob Bonta, Los Angeles District Attorney George Gascon, Los Angles Chief of Police Michael Moore, a host of other California entities and municipalities, and American Airlines. *See* ECF No. 1 at 2, 4; ECF No. 11 at 1-2. The precise nature of Plaintiff's claims—as well as how they relate to the Northern District of Texas—is unclear.[2] Plaintiff asserts that his claims

---

[1] *See, e.g.*, *Salaverria v. Allied Universal Security Servs.*, No. 8:24-cv-0329-JWH-MRW (C.D. Cal. Feb. 22, 2024) (dismissing Plaintiff's ADA and conspiracy claims for lack of subject matter jurisdiction); *Salaverria v. United States*, 2022 WL 1556285 (S.D.N.Y. May 16, 2022) (dismissing Plaintiff's *Bivens* and RICO action as frivolous); *Salaverria v. United States*, 2021 WL 5578676 (D.D.C. Nov. 24, 2021) (dismissing Plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8(a)).

[2] The Northern District of Texas is not the correct venue for this case under 28 U.S.C. § 1391(b). Nothing that Plaintiff complains about happened here, and only one purported defendant—American Airlines, against whom Plaintiff includes no allegations—resides in Texas. Indeed, Plaintiff admits that he only filed this case

arise under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Americans with Disabilities Act (ADA), and concern the "illegal operation of federal agents outside legal jurisdiction" and "illegal surveillance" with "deliberate intent to harm a disabled long terms AIDs survivor." ECF No. 1 at 3. He claims that he has been "targeted" 38 times and seeks $2.5 billion in damages. ECF No. 1 at 4-5. He also complains about the political climate and judiciary in California and other states. ECF No. 1 at 5.

For the following reasons, the Court should dismiss Plaintiff's case under 28 U.S.C. § 1915(e)(2)(B), and it should deny his pending "Motion to Amend Complaint" (ECF No. 11) as futile.

## Legal Standards and Analysis

Because the Court granted Plaintiff leave to proceed *in forma pauperis* (IFP), *see* ECF No. 5, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts

---

here because he thinks Fifth Circuit judges will be more receptive to his claims than judges in other circuits. ECF No. 1 at 5. Nevertheless, because of the patent frivolity of Plaintiff's claims, rather than transferring the case under 28 U.S.C. § 1404, the better course is to dismiss it as frivolous under 28 U.S.C. § 1915(e)(2)(B).

2

to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

A complaint is frivolous when it lacks a basis in law or when the factual contentions are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The "baseless" category includes those allegations which describe "fanciful, fantastic, and delusional" scenarios or claims that "rise to the level of irrational and wholly incredible." *Denton,* 504 U.S. at 33. A complaint lacks an arguable basis in law if it is based on a meritless legal theory, such as if the complaint alleges violation of a legal interest which does not exist. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999).

1. Plaintiff's ADA claim is conclusory and frivolous.

Plaintiff references Title II of the ADA, ECF No. 1-1 at 4. Title II of the ADA "provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.'" *Tennessee v. Lane,* 541 U.S. 509, 513 (2004) (quoting 42 U.S.C. § 12132). A disability is "a physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1)(A). A public entity

3

includes "[a]ny State or local government" and "[a]ny department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(b). A prima facie case of discrimination under Title II of the ADA requires Plaintiff to show: (1) that he is a qualified individual under the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is because of his disability. *Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997).

Plaintiff does not plausibly allege a prima facie ADA claim. Accepting that AIDS is a disability under the ADA, *see Bragdon v. Abbott*, 524 U.S. 624 (1998), he does not allege how, specifically, a public entity discriminated against him or excluded him from participation in, or denied him benefits of, services, programs, or activities for which the public entity is responsible, much less facts from which the Court could tell that any such action was based on his disability. His vague and conclusory ADA claim should be dismissed as frivolous. *See*, *e.g.*, *Lopez v. Univ. of Texas at Austin Sch. of Nursing*, 2023 WL 8445742, at *3 (W.D. Tex. Nov. 2, 2023), *rec. accepted* 2023 WL 8439915 (W.D. Tex. Dec. 5, 2023) (recommending dismissal of ADA claim as frivolous and for failure to state a claim when the plaintiff provided only "vague and non-specific accusations of wrongdoing") (citations omitted).

2. Plaintiff's § 1983 and *Bivens* claims are frivolous.

Plaintiff references both 42 U.S.C. § 1983 and *Bivens*. He lists several constitutional torts and concepts, *see* ECF No. 1-1 at 7, 8, but, for the most part he provides no facts in support of these causes of action, instead offering legal conclusions like his arrest was "bogus" or he was illegally detained for 105 days. ECF No. 1-1 at 8; *see also* ECF No. 8 at 3. He mentions assaults against him in prison but provides no detail about them. ECF No. 1-1 at 8; ECF No. 11 at 3. He appears to claim that LAPD officers destroyed a laptop and damaged a vehicle, but he does not say that it was his laptop or vehicle that was damaged, nor does he offer facts about these incidents from which the Court could plausibly infer any wrongdoing. ECF No. 1-1 at 5. He claims that he was denied three calls after his arrest in violation of his substantive due process rights but does not explain how he was injured by this. ECF No. 1-1 at 6. He claims that he was left in a jail cell that was teeming with "bacteria and feces" and that the Los Angeles Inspector General was present at the jail when he was in the cell, but he does not allege that he suffered any harm from the incident or any facts from which the Court could plausibly infer that the Inspector General knew that he faced a serious risk of harm. ECF No. 1-1 at 8. He references an "illegal wiretap" as part of a ten-year investigation, but, again, he provides no facts in support the claim. ECF No. 1-1 at 10. He also claims that unspecified actors interfered with one of his federal civil cases, ECF No. 1-1 at 2, but he does not allege how they interfered.

5

As for federal actors, Plaintiff alleges that undercover agents of the Department of Homeland Security (DHS)—potentially with the help of the LAPD—followed him and illegally disclosed his private information. ECF No. 8 at 4, 6. He claims that undercover federal agents acted outside their jurisdiction along with LAPD in 2014 to illegally obtain unspecified information, but he does not say how they acted without jurisdiction or illegally. ECF No. 1-1 at 5; ECF No. 11 at 2-3. He complains that an unidentified federal officer illegally detained him in 2009, *see, e.g.*, ECF No. 11 at 2, but he provides no factual detail about the incident.

Plaintiff's factual allegations are confusing and disjointed. He has failed to sufficiently plead the elements of, or legal conditions of, any causes of action under § 1983 or *Bivens*. His claims are wholly conclusory and therefore frivolous. *See Holloway v. Givens*, 2018 WL 11475106, at *1 (W.D. Tex. Feb. 5, 2018) ("A conclusory complaint, one that fails to state material facts, may be dismissed as frivolous . . . .") (citing *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir. 1988), *cert. denied*, 488 U.S. 985 (1988)).

Further, aside from American Airlines—as to which Plaintiff includes no allegations—Plaintiff only sued the State of California, state municipalities, and supervisory officials. Under the Eleventh Amendment, however, the State of California is immune from suit under 42 U.S.C. § 1983, and it has not waived that immunity. *See Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979); *Emory v. Texas State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984)).

And, to prevail against a municipality—like cities or counties—on a 42 U.S.C. § 1983 claim, a plaintiff must prove: (1) the municipality had a policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is the policy or custom. *Jackson v. Valdez*, 852 F. App'x 129, 134-35 (5th Cir. 2021) (per curiam) (citing *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753 (5th Cir. 2009)). Plaintiff has not plausibly alleged those elements. Similarly, as for supervisory officials, such defendants cannot be held liable under § 1983 for the actions of subordinates, rather Plaintiff must show that the supervisor's conduct violated his rights. *See Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Again, Plaintiff does not come close to pleading facts to show that any supervisory defendant directly violated his constitutional rights.

Further still, to the extent that Plaintiff seeks to sue federal defendants under *Bivens*, his claims arise in a different context from the *Bivens* trilogy of cases—none of which dealt with vague allegations of a plot by DHS officers to follow or target a citizen for malicious purposes, or conspiracies between federal agents and local law enforcement agencies to obtain unspecified information. And there are reasons to hesitate before judicially applying *Bivens* to such new contexts: namely, the fact that Congress has refused to do so through legislation. *See*, *e.g.*, *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (setting forth the two-part standard for analyzing *Bivens* claims: "[f]irst, courts should consider whether the case before it presents a 'new context,'" and, if so courts should contemplate whether there are

7

"any special factors that counsel hesitation against granting such an extension" and finding that special factors counseled against extension where Congress "did not make individual officers statutorily liable for" the conduct at issue) (cleaned up).

For these reasons, Plaintiff's § 1983 and *Bivens* claims are legally frivolous.

3. Plaintiff lacks standing to pursue his generalized grievances.

Much of Plaintiff's complaint consists of political grievances against the State of California and its leadership and against judges in "Democrat" states. ECF No. 1 at 5. But Plaintiff's complaint presents only generalized grievances that are not unique to him. A plaintiff lacks Article III standing to present such generalized grievances. *See, e.g.*, *Rivera v. United States*, 2023 WL 6587317, at *3-4 (E.D.N.Y. Oct. 10, 2023) (finding that the plaintiff lacked standing to pursue generalized grievances related to policy issues like the CDC's position on vaccine approval, immigration policy, and the Social Security Administration and Treasury Department in connection with the mismanagement of funds) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 575) (1992)). Accordingly, Plaintiff's general complaints about California politics and the judiciary should be dismissed as frivolous.

4. Plaintiff cannot bring claims under federal criminal statutes.

Finally, Plaintiff references several federal criminal statutes. ECF No. 1 at 5; ECF No. 1-1 at 9. But "[p]rivate citizens do not have the right to bring a private cause of action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75

8

F. App'x 300, 301 (5th Cir. 2003) (per curiam)). They cannot enforce federal criminal statutes in a civil action. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). Accordingly, any claim under these federal criminal statues should be dismissed for failure to state a claim.

## Leave to Amend

Generally, the court should offer a *pro se* litigant an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.* "A plaintiff has pleaded [his] best case after [he] is 'apprised of the insufficiency' of [his] complaint." *Wiggins v. Louisiana State Univ.—Health Care Services Division*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citing *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008)) (further citation omitted). Further, a court may deny leave to amend when the plaintiff's claims are frivolous. *See*, *e.g.*, *Matter of Triay*, 2023 WL 7267001, at *4 (M.D. La. Sept. 23, 2023), *rec. accepted* 2023 WL 7251740 (M.D. La. Nov. 2, 2023) (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)). Here, Plaintiff's claims are frivolous, so leave to amend is not warranted.

Additionally, Plaintiff filed a "Motion to Amend Complaint" (ECF No. 11), in which he indicates that he desires to add various other California cities and police departments as defendants because they participated in "illegal arrest, destruction of electronics, [and] illegal prosecution . . . against a long term AIDS survivor protected under Title II of the American Disabilities Act." ECF No. 11 at 2-3. He

9

also states that he has been under "constant illegal surveillance" and been "chased around with drones." ECF No. 11 at 2. He further appears to seek to add a claim to reinstate his legal status so he can work in the United States and a claim for damages against a Florida attorney. ECF No. 11 at 2-3. But Plaintiff's allegations suffer from the same legal deficits described above. The claims proposed in his amended complaint would be frivolous, and amendment would therefore be futile. *See, e.g., Stripling v. Jordan Production Co., LLC,* 234 F.3d 863, 872-73 (5th Cir. 2000) (noting that district court can deny motion to amend if it is futile—that is, if the amended complaint fails to state a claim upon which relief can be granted). Thus, the Court should deny his "Motion to Amend Complaint" (ECF No. 11) and deny further leave to amend.

## Recommendation

The Court should dismiss Plaintiff's case as frivolous under 28 U.S.C. § 1915(e)(2)(B) and deny his "Motion to Amend Complaint" (ECF No. 11).

SO RECOMMENDED

June 17, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).