IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALEX ALFONSO SALAVERRIA, II,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-11-L-BT** |
| § | |
| **CALIFORNIA STATE,** *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER

On June 17, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 13) was entered, recommending that the court dismiss with prejudice this action by *pro se* Plaintiff Alex Alfonso Salaverria, II ("Plaintiff") against ten named Defendants and 2,000 Doe Defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Specifically, the Report concludes that: (1) Plaintiff's claims for alleged violations of the Americans with Disabilities Act, as well as his claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), are factually and legally frivolous in that they have no basis in law or they are clearly baseless; (2) he lacks standing to pursue his general grievances against the State of California, its leaders, and judges in "Democrat" states; and (3) he cannot bring claims under federal criminal statutes. The Report also notes that Plaintiff is a litigious "frequent filer," who has previously filed similarly baseless lawsuits around the country that have been dismissed as frivolous. Report 1. In addition, the Report recommends that the court deny Plaintiff's Motion to Amend Complaint (Doc. 11), filed January 27, 2024, because the claims he seeks to assert against other California cities and police departments for illegal arrest, "destruction of electronics," "constant illegal surveillance," and

Order – Page 1

being "chased around with drones" are similarly frivolous and, therefore, futile. Report 10. No objections to the Report were filed, and the deadline for doing so has expired.

Having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court **dismisses with prejudice** this action as frivolous against all named and unnamed Defendants, and **denies** Plaintiff's Motion to Amend Complaint (Doc. 11).* *Further, if Plaintiff persists in filing frivolous lawsuits claims in this district, he will be sanctioned monetarily, barred from bringing any new actions in the future, or subjected to other sanctions the court deems appropriate.*

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

---

* The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings under Federal Rule of Civil Procedure 15(a)(2), a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Consideration of these factors weighs in favor of not allowing Plaintiff to amend his pleadings given the frivolous nature and futility of the proposed amendment, and Plaintiff's history as a serial filer of frivolous lawsuits.

**Order – Page 2**

**It is so ordered** this 3rd day of July, 2024.

Sam A. Lindsay
United States District Judge